Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 92 C 7853 | **DATE** | 3/7/2000 |
| **CASE TITLE** | MICHAEL KOHILAS vs. CITY OF CHICAGO; City of Chicago Police Officers ISAAC COTTON, Star #6465 and CURTIS DANZY, Star #13735 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This case is dismissed pursuant to FED. R. CIV. P. 41(b). Accordingly, Plaintiff's Motion to Bar the Evidence Deposition of Dr. Spiros [168-1], Motions for Relief from Judgments and Orders [190-1 and 194-1], Motions to Bar the Attorneys for the State [191-1 and 195-1], and Motion to Set for Trial [208-1] are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 0 8 2000 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 217 |
| | Copy to judge/magistrate judge. | | |
| RJ | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KOHILAS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF CHICAGO; City of Chicago Police<br>Officers ISAAC COTTON, Star #6465 and<br>CURTIS DANZY, Star #13735,<br><br>　　　　Defendants. | No. 92 C 7853<br><br>Honorable Joan B. Gottschall |

**DOCKETED**

**MAR 0 8 2000**

## MEMORANDUM OPINION AND ORDER

This § 1983 case has been pending for over seven years. The plaintiff, Michael Kohilas, has retained or been assigned several different attorneys. The case has been before three district court judges, as well as one magistrate judge. In June 1999, the trial of the case ended in a mistrial due to Kohilas' conduct on the witness stand. Kohilas now seeks a new trial date. Defendants have asked the court to dismiss the case pursuant to FED. R. CIV. P. 41(b). For the following reasons, the court finds dismissal to be appropriate.

### Background

Originally, this case was assigned to Judge Holderman. In September 1995, Judge Holderman set the case for trial on April 8, 1996. One week before trial, Kohilas filed a *pro se* pleading "for dismissal attorney evidence and basic facts which were never illustrated." On April 4, 1996, Kohilas and his attorney appeared at a hearing on the pleading, during which Kohilas told the court that he had lost faith in his attorney, that he wanted new attorneys, and that he wanted to postpone trial. It also was revealed that Kohilas had secretly taped conversations with his attorney – without the attorney's consent – and then supplied the tape to defense counsel

217

and the court in an effort to establish misconduct by his attorney. Without addressing the propriety of Kohilas' eavesdropping, the court found that the tape – which recorded discussions regarding Kohilas' trial strategy – contained no evidence of misconduct or deficient representation by his attorney.

The 43-page transcript of the hearing reflects the length to which Judge Holderman had struggled to keep this case on course. The court found that Kohilas' request for a continuance was manipulative:

> THE COURT: .... Mr. Kohilas – I have spoken with him at the pretrial conference, allowed him to speak at length. I am not desirous of hearing from Mr. Kohilas off the record at any point in time. Mr. Kohilas understands very well what he is about. Mr. Kohilas is a very bright individual, in my opinion. Mr. Kohilas is an individual who believes he can manipulate the system to his favor, in my opinion, because I told him at the pretrial conference there will be no continuance, and what he is desiring here is for a further continuance. And so this was a further attempt, in my opinion, on the part of Mr. Kohilas, to obtain a continuance, to what end I do not know, but that will not be allowed.

(Exh. A to Defs' Reply at 9)

The court also rejected Kohilas' effort to link the discharge of his lawyers to a trial continuance:

> THE COURT: Mr. Kohilas, you asked me – or I asked you what you wanted from me. You said to discharge your lawyers.
>
> MR. KOHILAS: Yes.
>
> THE COURT: I said that I would do that if you understood that the case is going forward on April 9th, and you will not have lawyers, and you said that was okay.

2

| | |
|---|---|
| MR. KOHILAS: | Yes, yes, your Honor. I said that. |
| THE COURT: | All right, why are we spending more time on this matter then? |
| MR. KOHILAS: | So I can have time to find another lawyer to – |
| THE COURT: | No, you can't have more time to find another lawyer. This case has been pending now for almost four years. |
| MR. KOHILAS: | I was in darkness, your Honor. |
| THE COURT: | I had told you that you couldn't have more time. I have explained to you, and I have explained to your friend, that I believe that if I were to grant a continuance, you would be in the same posture then that you are now. |

(*Id.* at 32-33)

Even at that hearing – nearly four years ago – Kohilas understood that, in light of his case's tortuous path, he could face dismissal:

| | |
|---|---|
| THE COURT: | The public record will reflect exactly when I set this case for trial. |
| MR. KOHILAS: | No, your Honor, I'm in darkness, your Honor. That's the reason I am here. That's the reason I asked you throw the case out the other day. I'm in darkness, your Honor. That's the whole reason, your Honor. I'm in darkness, your Honor. |

\*\*\*\*

| | |
|---|---|
| MR. KOHILAS: | I have a great respect for your Honor. But I telling you the truth, your Honor, from my heart. I'm in completely darkness. That's the reason I coming in here for relief. If you want to throw the case out today, throw it out. |
| THE COURT: | I'm not going to throw the case out today, because you are set for trial on April 9th. You have been set for trial. |

(*Id.* at 37, 38)

3

On April 8, Kohilas' counsel informed the court that Kohilas had been hospitalized. The court reset the trial for April 10. At a status on April 9, the court vacated the April 10 trial date. Kohilas subsequently fired his attorneys, and they were granted leave to withdraw on May 16, 1996. Kohilas' new attorneys filed their appearances on June 6, 1996, and Judge Holderman set a trial date for November 18, 1996.

On September 3, 1996, the case was reassigned to this court. This court struck the November 18 trial date, and set a December 16, 1996 trial date. Kohilas revealed previously undisclosed evidence of medical treatment approximately one month before trial, prompting defendants to seek a continuance. On December 4, the court ordered Kohilas to appear on December 6. He failed to do so, and the court warned that his failure to appear on December 16 would result in dismissal of the case for want of prosecution. The court also reset the trial for January 29, 1997, and granted Kohilas' new attorneys' motion for leave to withdraw.

On December 23, 1996, the court advised the parties that the January 29 trial date would stand, and that if Kohilas was not prepared to proceed with trial, the case would be dismissed. On January 13, the court granted defendants' motion to compel the production of evidence regarding Kohilas' changed physical condition. Kohilas sought appointment of new counsel, and on January 24, the court appointed new counsel and struck the January 29 trial date. Based on an apparent conflict of interest with this counsel, the court appointed another new counsel on April 8, 1997. The court allowed discovery to be reopened and, on July 10, 1998, set a new trial date of May 10, 1999.

In April 1999, the case was placed on the Short Civil Trial Calendar before Chief Judge Aspen, who assigned the case for trial to Judge Alaimo, a visiting judge. Judge Alaimo met with

4

Kohilas before trial in order to ensure that he would comply with the court's rules. (*See* Exh. B to Defs' Reply; Exh. C to Defs' Reply at 45) The trial began on June 21, 1999. At trial, Kohilas took the stand, and was cautioned repeatedly by Judge Alaimo regarding improper comments. (*See, e.g.*, Exh. C to Defs' Reply at 45, 48) Eventually, Judge Alaimo warned Kohilas that he was risking a mistrial:

> THE COURT: Wait a minute. Mister Kohilas, if you don't stop when I ask you to I'm going to declare a mistrial. Do you understand that?
>
> THE WITNESS: Yes, sir.

(*Id.* at 51-52)

Finally, Kohilas' failure to heed the court's warnings resulted in a mistrial:

> Q: And when Officer Cotton tried to put the handcuffs on you you started struggling with him, didn't you?
>
> A: No, mister! I don't want you to obstruct the justice in here and I don't want you to give any cover-up to those police officers. I have charges against them. Okay?
>
>> MR. POLICK: Objection, your Honor.
>>
>> THE COURT: Oh!
>>
>> MR. POLICK: May we have a sidebar?
>>
>> THE COURT: No. The objection is sustained.
>>
>> THE WITNESS: You're ridiculous, because –
>>
>> MR. POLICK: Your Honor, I'm going to object.
>>
>> THE WITNESS: Don't do this to me!
>>
>> MR. POLICK: I'm going to ask that –

5

| | |
|---|---|
| THE WITNESS: | Because the way they keep doing, they're shooting kids in the street, 22 years old or 25 years old. I'm afraid to take my cellular phone and make a phone call because the damn police officer is going to shoot me for it. |
| THE COURT: | All right, Mr. Kohilas — |
| THE WITNESS: | Come on, man! Be honest. Get some decency. Please. |
| THE COURT: | Mr. Kohilas, I'm going to have to declare a mistrial because of your conduct. It's unfortunate but we cannot have that during — |
| THE WITNESS: | But, wait — |
| THE COURT: | Wait a minute. We cannot have that during a trial in this courtroom. You must abide by the rules just like everybody else. |
| THE WITNESS: | I did, your Honor. |
| THE COURT: | No, you have not, and I declare a mistrial. |

(*Id.* at 57-58)

Kohilas has now moved the court to set a new trial date. In response, defendants seek dismissal under FED. R. CIV. P. 41(b), or alternatively, for Kohilas to be required to pay the defendants' costs and attorneys' fees associated with the mistrial.

### **Analysis**

In determining whether to dismiss a suit for failure to prosecute, the court should take account of the following factors: 1) the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit; 2) the apportionment of responsibility for those failures between the plaintiff and his counsel; 3) the appropriateness of sanctioning the

6

plaintiff's counsel rather than plaintiff; 4) the effect of the failures in taxing the court's time and disrupting the court's calendar to the prejudice of other litigants; 5) the prejudice to the defendant from the plaintiff's conduct; 6) the probable merits of the suit; 7) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993). While "there must be an explicit warning before the case is dismissed," *id.* at 760, this rule does not apply where "it is plain that the plaintiff's lawyer [or the plaintiff himself] knew that he faced dismissal of his case." *Id.* at 756.

Applying these factors to this case's seven-year history, the court finds that dismissal is warranted under Rule 41(b). First, while Kohilas' misconduct has not necessarily been frequent, it has been egregious and consistent. As set forth above, Kohilas' failure to appear at routine hearings, his repeated discharge of his attorneys and abuse of the attorney-client relationship, and – most notably – his behavior at trial have intolerably delayed resolution of this case. Under the second factor, in contrast to many Rule 41(b) dismissals, Kohilas' attorneys have performed capably and professionally. His failures are entirely of his own making. Third, given the apportionment of blame, sanctioning Kohilas, rather than his attorneys, is appropriate.

Fourth, this case has significantly taxed the time and disrupted the calendars of several judges. As Judge Holderman stated, "I've spent more time on this case in attempting to deal with Mr. Kohilas's feelings about the circumstances of the case than I have in almost any other case I've ever dealt with in the eleven years I've been on the bench." (Exh. A to Defs' Reply at 29) This court, too, has spent an enormous amount of time and energy dealing with Mr. Kohilas' feelings about the case. The judges to whom this case has been assigned have all bent over backwards to help Mr. Kohilas understand and deal with the litigation process.

7

Fifth, defendants have been prejudiced by being forced to prepare for trial several times, thereby incurring significant – and as of now unnecessary – expense. There is also prejudice inherent in having unresolved allegations hanging over individuals for seven years. Further, at least one of the defense witnesses is now retired, and must be flown in from another state to testify.

The sixth factor – the case's merits – weighs neither for nor against dismissal. While Kohilas has at least a cognizable tort claim arising from injuries he sustained in an allegedly unjustified arrest, Kohilas' demeanor problems as a witness and his conspiracy theories – which overwhelm his ability to focus on the triable allegations of the case – have and would no doubt continue to hinder his case.

Similarly, the seventh factor – societal consequences of dismissal – weighs neither for nor against dismissal. If police officers had no grounds for arresting Kohilas and were unnecessarily brutal in their treatment of him, society has a strong interest in deterring such conduct. Whether the jury would credit those allegations is unknown, however, due in large part to Kohilas' conduct. Based on the first five factors set forth in *Ball*, the court finds dismissal to be appropriate.

Kohilas was warned at least twice that his failure to comply with the court's orders would result in dismissal. As shown above, his discussions with Judge Holderman contemplated dismissal as a possible consequence of his conduct. And while Judge Alaimo may not have expressly warned Kohilas of dismissal, his repeated cautions to Kohilas about his behavior – offered both before and during trial – put Kohilas on notice of the gravity of the situation. *See Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 858 (7th Cir. 1998) ("[W]e did not say that a

8

district court must recite the word 'dismissal,' or a synonym thereof, as part of its 'explicit' warning.").

The court does not believe requiring Kohilas to pay defendants' considerable costs and attorneys' fees is a feasible alternative sanction. The only remedy short of dismissal at this stage would entail another trial for Kohilas. Given the history of this case and Kohilas' conduct, the court does not believe that another trial is warranted.

## Conclusion

For the above reasons, this case is dismissed with prejudice pursuant to FED. R. CIV. P. 41(b).

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: March 7, 2000

9